IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MR. KELLY M. GOLDEN, | ) | 8:15CV147 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Kelly Golden's Complaint (Filing No. 1). 28 U.S.C. § 1915(e)(2). For the reasons discussed below, Plaintiff's Complaint does not comply with general rules of pleading or the rules concerning the proper joinder of defendants. On the court's own motion, Plaintiff will be provided an opportunity to file an amended complaint.

## I.  SUMMARY OF COMPLAINT

Plaintiff named fifteen individuals as the defendants—Kyle J. Poppert, Larry Wayne, Cathy Sheair, Jason Hurt, Diane J. Sabatka-Rine, Marshall Lux, Jerall Moreland, Judge Teresa Luther, C. Prokop, James Ellinger, Curtis Wees, Randy Kohl, Mark Boyer, Mario Peart, Matt Heckman and Unit Manager Davis—as well as the Department of Corrections "as a whole." (Filing No. 1.) The events giving rise to Plaintiff's claims occurred anywhere between August of 2011 up to the filing of the Complaint in May of 2015.

Plaintiff set forth numerous unrelated allegations in his Complaint, including:

• Plaintiff was provided too much good time and was released from custody.
• Nobody checked Plaintiff's paperwork when they released him.

- Judge Teresa Luther signed a warrant for Plaintiff's arrest.
- Someone informed the Kansas Police Department that Plaintiff was aggressive and violent.
- In Wyndott County Jail, Plaintiff was denied his mental health medication for 25.5 days.
- Nurse Prokop threw away Plaintiff's medication.
- Nurse Prokop tore up paperwork that would have kept Plaintiff from getting two "write ups."
- The Ombudsman's Office never contacted Plaintiff again after his original letter.
- The unit administrator and unit manager put off helping Plaintiff with indigent packages and getting papers copied.
- The medical department cancelled Plaintiff's medications.
- Plaintiff was placed on room restriction and punished with 15 days without pay.
- Various individuals failed to "drop" a misconduct report against Plaintiff.

For relief, Plaintiff requests that each defendant be terminated from his or her employment and prohibited from working in his or her profession. He also seeks $25 million tax free, and for payment of all of his housing, food, medical expenses, and transportation if he has to stay in or travel to Nebraska for litigation of this case.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff's Complaint does not comply with general rules of pleading or the rules concerning the proper joinder of defendants. On the court's own motion, Plaintiff will be provided an opportunity to file an amended complaint.

### A. Rules of Pleading

Plaintiff named 17 parties as the defendants. Most of these parties are never mentioned within Plaintiff's factual allegations. In order to ensure a just and fair resolution of this matter, Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

### B. Rules of Joinder

[Federal Rule of Civil Procedure 20](#) states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." [Fed. R. Civ. P. 20(a)(2)(A)](#). In addition, there must be a "question of law or fact common to all defendants" in the action. [Fed. R. Civ. P. 20(a)(2)(B)](#). Under [Federal Rule of Civil Procedure 21](#), the proper remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against a party." [Fed. R. Civ. P. 21](#). The court may do so "[o]n motion or on its own." [Id.](#)

Here, allowing this case to proceed against all of the defendants—many who appear to be sued based on unrelated events—would create a significant case management problem. Thus, Plaintiff will be required to file an amended complaint that sets forth only related claims that stem from the same basic events or occurrences.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days in which to file an amended complaint. As set forth above, Plaintiff's amended complaint must: (a) explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him;

4

and (b) set forth only related claims that stem from the same basic events or occurrences.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 4, 2016: Check for amended complaint.

3. The court will conduct further review of Plaintiff's amended complaint, should he file one, to determine whether summary dismissal of the amended complaint is appropriate under [28 U.S.C. § 1915(e)(2)](28 U.S.C. § 1915(e)(2)).

DATED this 3rd day of February, 2016.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge