IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KELLY MARINUS GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:15CV147 |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTIONS, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On February 3, 2016, the court conducted an initial review of Plaintiff's[1] Complaint. (Filing No. 17.) After discussing Plaintiff's allegations—which briefly reference several unrelated events occurring between August 2011 and May 2015 against 17 defendants—the court determined that the Complaint did not comply with the general rules of pleading or the federal rules governing the proper joinder of defendants. *See* Fed. R. Civ. P. 20. (Filing No. 17.) The court gave Plaintiff 30 days in which to file an amended complaint that "(a) explain[ed] what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him; and (b) set forth only related claims that stem from the same basic events or occurrences." (Filing No. 17 at CM/ECF pp. 4-5.) The court must now determine whether summary dismissal of Plaintiff's Amended Complaint is appropriate under 28 U.S.C. § 1915(e)(2).

In response to the court's order allowing Plaintiff to file an amended complaint, Plaintiff filed an untitled, one-paragraph letter addressed "To Whom It May Concern." (Filing No. 19.) The letter states:

---

[1]Plaintiff was a prisoner when he initially filed this lawsuit, but he has since been released.

> You want the lawsuit amended fine
>
> I want $6 million from the D.O.C. for being released from prison after getting too much good time and being out 6 months getting back into my life, my children's lives and now my grandchildren's lives. Then being arrested twice on a warrent [sic] issued by the State of Nebraska. Then have to go back to prison for over a year. Because they messed up.
>
> There's your amendment.

(Filing No. 19.)

Plaintiff's purported Amended Complaint asserts a single claim for money damages against one state-agency defendant, the Nebraska Department of Corrections. The Eleventh Amendment bars claims for damages by private parties against a state. *See Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005) ("Eleventh Amendment immunity bars a § 1983 lawsuit against a state agency . . . even if the entity is the moving force behind the deprivation of the federal right."); *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 618-19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Here, there is nothing in the record before the court indicating that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter.[2]

---

[2] In addition, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law. A state "is not a 'person' as that term is used in § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991).

Accordingly, Plaintiff's only claim, which seeks money damages against a state agency, must be dismissed pursuant to the Eleventh Amendment. 28 U.S.C. § 1915(e)(2) (court shall dismiss case if court determines that action "seeks monetary relief against a defendant who is immune from such relief").

IT IS ORDERED:

1. Plaintiff's lawsuit for money damages against defendant Nebraska Department of Corrections is dismissed with prejudice based on Eleventh Amendment immunity;

2. Judgment dismissing this case shall be entered by separate document;

3. Plaintiff's motion to clarify (Filing No. 21) the court's order (Filing No. 20) allowing Plaintiff to proceed without payment of fees is denied as moot.

DATED this 6th day of April, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge