IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KELLY MARINUS GOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:15CV147 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DEPARTMENT OF | ) | **AND ORDER** |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On February 3, 2016, the court conducted an initial review of Plaintiff's Complaint. (Filing No. 17.) After discussing Plaintiff's allegations—which briefly reference several unrelated events occurring between August 2011 and May 2015 against 17 defendants—the court determined that the Complaint did not comply with the general rules of pleading or the federal rules governing the proper joinder of defendants. *See* Fed. R. Civ. P. 20. (Filing No. 17.) The court gave Plaintiff 30 days in which to file an amended complaint that "(a) explain[ed] what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him; and (b) set forth only related claims that stem from the same basic events or occurrences." (Filing No. 17 at CM/ECF pp. 4-5.)

In response, Plaintiff filed an untitled, one-paragraph letter addressed "To Whom It May Concern."[1] (Filing No. 19.) The letter stated:

You want the lawsuit amended fine

I want $6 million from the D.O.C. for being released from prison after getting too much good time and being out 6 months getting back into my

---

[1] Plaintiff was a prisoner when he initially filed this lawsuit, but he has since been released.

life, my children's lives and now my grandchildren's lives. Then being arrested twice on a warrent [sic] issued by the State of Nebraska. Then have to go back to prison for over a year. Because they messed up. There's your amendment.

(Filing No. 19.)

Because Plaintiff's only claim sought money damages against a state agency, I concluded that Plaintiff's suit must be dismissed with prejudice pursuant to the Eleventh Amendment. 28 U.S.C. § 1915(e)(2) (court shall dismiss case if court determines that action "seeks monetary relief against a defendant who is immune from such relief"). (Filing No. 22 (Memorandum and Order dismissing case on Apr. 6, 2016); Filing No. 23 (Judgment dated Apr. 6, 2016).)

Plaintiff has filed a motion wishing to "appeal your d[ec]ision"; to "write out everything and send it in the next day" because he "didn't know [he] had to rewrite what they all did" due to "no legal help"; and asking "if the [Department of Corrections] is unsueable why wasn't I told this at the beginning instead of leading me on?" (Filing No. 24.) It is unclear whether Plaintiff wants me to reconsider the dismissal, or whether he wishes to appeal my decision to the Eighth Circuit Court of Appeals.

The court will consider Plaintiff's motion under Federal Rule of Civil Procedure 60(b)(6). This rule provides that a court may relieve a party from a final judgment and reopen the case for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Based on the contents of Plaintiff's motion, the only ground for relief that could possibly apply here is contained in Fed. R. Civ. P. 60(b)(6)—"any other reason that justifies relief." Relief under this provision is "extraordinary" and "is available . . . only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

There are simply no exceptional circumstances evident to the court that would justify granting Plaintiff relief under Fed. R. Civ. P. 60(b)(6). The court conducted a thorough initial review and specifically instructed Plaintiff that he should file an amended complaint that "explain[ed] what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him; and . . . set forth only related claims that stem from the same basic events or occurrences." (Filing No. 17 at CM/ECF p. 5.) Plaintiff was offered a full and fair opportunity to litigate his claim with the filing of an amended complaint that complied with the court's directions, but Plaintiff chose to respond with a one-paragraph letter that asserted a claim for money damages against one party—the Department of Corrections.

The fact that Plaintiff wants yet another chance to amend is not a ground for relief under Fed. R. Civ. P. 60(b)(6). *Reed v. Weber*, No. CIV. 10-4069-KES, 2010 WL 4366115, at *1 (D.S.D. Oct. 28, 2010) (denying pro se plaintiff's motion for reconsideration of court's pre-service dismissal of § 1983 complaint for failure to state

3

claim; finding that pro se plaintiff's promise that he would file a proper amended complaint if the court would grant his motion for reconsideration was not a ground for relief under Rule 60(b)(6)). Therefore, I shall deny Plaintiff's motion.

To the extent Plaintiff wishes to appeal to the Eighth Circuit Court of Appeals, Plaintiff must file a Notice of Appeal and Motion to Appeal In Forma Pauperis within 30 days of the entry of judgment. *See* Federal Rule of Appellate Procedure 4(a)(1)(A) (notice of appeal in civil case must be filed within 30 days of the entry of judgment); *Burgs v. Johnson Cnty., Iowa*, 79 F.3d 701, 702 (8th Cir. 1996) (timely notice of appeal is both "mandatory and jurisdictional"). The forms Plaintiff must file are available in the Federal Rules of Appellate Procedure Forms Index and on the court's Web site at http://www.ned.uscourts.gov/forms. Information about the Eighth Circuit Court of Appeals can be found at http://www.ca8.uscourts.gov.[2]

IT IS ORDERED that Plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) is denied.

DATED this 28th day of April, 2016.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge

---

[2]Plaintiff should note that he may file a motion for extension of time to file an appeal under Federal Rule of Appellate Procedure 4(a)(5). The motion must contain a showing of "excusable neglect" or "good cause" for not filing the notice of appeal within 30 days of entry of judgment. (As noted above, judgment was entered on April 6, 2016.)